IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| PEPITA GONZALES, | ) | |
| | ) | **Cause No. CV-08-95-BLG-RFC** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING** |
| | ) | **DEFENDANTS' MOTION FOR** |
| WAL-MART STORES, INC., | ) | **SUMMARY JUDGMENT** |
| a Delaware Corp.; WAL-MART | ) | |
| ASSOCIATES, INC., a Delaware Corp.; | ) | |
| WAL-MART STORES EAST LP, | ) | |
| a Delaware Entity; WAL-MART | ) | |
| SUPERCENTER #01-2923; and | ) | |
| JOHN DOE 1, a Business Entity | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Pepita Gonzales filed the instant negligence action for damages

relating to an alleged fall at the Billings Heights Wal-Mart Super Center on

August 3, 2005.  Pending before the Court is Defendants' Motion for Summary

Judgment.  *Doc. 21.*  Defendants argue they are entitled to summary judgment on

the grounds that (1) the only proper Defendant is Wal-Mart Stores, Inc., because it

is the only entity with operational responsibility for the store at issue, and (2) Wal-

Mart Stores, Inc. is entitled to summary judgment because Gonzales cannot prove

the essential elements of her negligence claim.  *Doc. 23.*  Although Defendants'

motion indicated Gonzales, who is proceeding pro se, objects to the motion,

Gonzales has not responded to the motion.[1]  Gonzales's failure to file a brief in

opposition renders the motion ripe for summary ruling.[2]   L.R. 7.1(d)(1)(B).  A

brief analysis, however, proves Defendants' motion must be granted on its merits.

First, a negligence claim requires that Gonzales prove (1) the defendant

owed a duty to the plaintiff, (2) the defendant breached the duty, (3) the breach

was the actual and proximate cause of the plaintiff's injury, and (4) that damages

resulted.  *Bonilla v. University of Montana*, 116 P.3d 823, 826 (Mont. 2005).

Since the undisputed facts prove that only Wal-Mart Stores, Inc. had any

operational control over the store where the accident allegedly occurred, *Doc. 25,*

*SUF,* ¶ 45, Defendants Wal-Mart Associates, Inc., Wal-Mart Stores East, LP, and

Wal-Mart Supercenter #01-2923 did not owe Gonzales a duty of care.  They are

---

[1]With Gonzales's consent, counsel for Gonzales moved to withdraw roughly one year after this case was removed to this court.  *Doc. 15.*  Gonzales was ordered to find substitute counsel, but after a three-month extension of time, Gonzales elected to proceed pro se.  *Doc. 18.* The Scheduling Order was then vacated and a scheduling conference was held, although Gonzales did not appear.  *Docs. 20 & 21.*  Defendants filed the instant motion on February 11, 2011, and Gonzales's response was due by March 4, 2011.

[2] Pro se litigants must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

therefore entitled to judgment as a matter of law in their favor.

Second, there is no evidence Wal-Mart Stores, Inc. breached a duty of care. Ordinarily, the question of whether a duty has been breached is a question of fact to be decided by the finder of fact, but when reasonable minds cannot differ, breach of duty can be decided on summary judgment. *Dobrocke v. City of Columbia Falls*, 8 P.3d 71, 74, 79 (Mont. 2000), *overruled on other grounds by Roberts v. Nickey,* 43 P.3d 263, 264 (Mont. 2002). Under Montana law, "a property owner may be held liable for injuries sustained on its premises if it knew or should have known of the dangerous or defective condition on the premises which caused the injuries and failed to provide warning of the condition." *Herron v. Columbus Hosp.,* 943 P.2d 1272, 1274 (Mont. 1997). There is no such evidence in the record.

Finally, Gonzales must also prove that the defendant's breach of duty was the actual and proximate cause of her injury. *Bonilla* v. University of Montana, 116 P.3d 823, 826 (Mont. 2005). Here, Gonzales's own treating physician has testified that her injuries were not caused by the August 3, 2005 fall. *Doc. 25, SUF,* ¶¶ 23-40.

Accordingly, there being no genuine issues of material fact and Defendants having proved they are entitled to judgment as a matter of law, Rule 56(c)(2)

Fed.R.Civ.P., **IT IS HEREBY ORDERED** that Defendants' Motion for Summary

Judgment (*Doc. 21*) is **GRANTED.**

    The Clerk of Court is directed to notify the parties of the entry of this Order

and enter judgment in favor of Defendants and against Plaintiff.

    Dated this 22nd day of March 2011.

                        _/s/ Richard F. Cebull_____
                        RICHARD F. CEBULL
                        U.S.  DISTRICT JUDGE